UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DENISE LOURINE NICHOLS,

       Plaintiff,

v.                         Civil Action No. 2:18-cv-01545

ANDREW SAUL,
Commissioner of the Social
Security Administration,

       Defendant.


MEMORANDUM OPINION AND ORDER


       Pending is the objection to the Proposed Findings and
Recommendation ("PF&R") of United States Magistrate Judge Cheryl
A. Eifert, filed by the plaintiff, Denise Lourine Nichols, on
September 23, 2019.


I.    Procedural History


       The plaintiff filed an application for disability
insurance benefits under Title II of the Social Security Act on
December 16, 2014, and an application for supplemental security
income under Title XVI of the Social Security Act on January 9,
2015.  The Social Security Administration denied both
applications initially on June 16, 2015, and upon
reconsideration on October 29, 2015.  The plaintiff then
requested an administrative hearing, which was held on July 7,

2017 before an Administrative Law Judge ("ALJ").  The ALJ denied

the claim in a decision on November 7, 2017 after finding that

the plaintiff was not disabled under the Social Security Act.

The Appeals Council denied the plaintiff's request for review on

October 23, 2018, thus making the ALJ decision final.

On December 26, 2018, the plaintiff instituted this

civil action, pursuant to 42 U.S.C. § 405(g), seeking judicial

review of the administrative decision of defendant Andrew Saul

("the Commissioner") to deny the plaintiff's applications for

disability insurance benefits and supplemental security income.[1]

This action was referred to United States Magistrate Judge

Cheryl A. Eifert for consideration in accordance with 28 U.S.C.

§ 636(b)(1)(B) and the Standing Order in this district.  The

plaintiff and the Commissioner filed cross motions for judgment

on the pleadings.  See ECF Nos. 11, 12.

Magistrate Judge Eifert filed a PF&R on September 5,

2019 to recommend that the court deny the plaintiff's request

for judgment on the pleadings, grant the Commissioner's request

for judgment on the pleadings, and affirm the Commissioner's

---

[1] The action was initially filed against Nancy Berryhill, the
Acting Commissioner of the Social Security Administration.
Pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal
Rules of Civil Procedure, the current Commissioner, Andrew M.
Saul, was substituted for Ms. Berryhill.

decision to deny the plaintiff's applications for disability
insurance benefits and supplemental security income.  The
plaintiff timely filed a written objection on September 23,
2019, see ECF No. 14 ("Obj."), to which the Commissioner filed a
response on September 27, 2019, see ECF No. 15.

## II.  Standard of Review

The court reviews de novo those portions of a
Magistrate Judge's PF&R to which objections are timely filed.
28 U.S.C. § 636(b)(1); see Diamond v. Colonial Life & Accident
Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  The standard for
review of the Commissioner's decision is rather deferential to
the Commissioner under the Social Security Act because "a
reviewing court is required to uphold the determination when an
ALJ has applied correct legal standards and the ALJ's factual
findings are supported by substantial evidence."  Bird v. Comm'r
of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012); see also
42 U.S.C. § 405(g) (explaining judicial review of the
Commissioner's final decisions); Oppenheim v. Finch, 495 F.2d
396, 397 (4th Cir. 1974) (stating that the court must
"scrutinize the record as a whole to determine whether the
conclusions reached are rational" and "supported by substantial
evidence").  Substantial evidence is that which "a reasonable
mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting

Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

### III. Analysis

In her brief in support of judgment on the pleadings,

the plaintiff asserted that the ALJ's decision finding that the

plaintiff was not disabled was not based on substantial evidence

for two reasons.  First, the plaintiff argued that the ALJ did

not adequately analyze the effects of the plaintiff's

radiculopathy in determining her residual functional capacity

("RFC") to perform light work with some limitations.[2]  See ECF

No. 11 at 2-3.  The plaintiff contended that she could not

perform the standing and lifting required by "light work."  See

id.  In particular, the plaintiff asserted that the ALJ failed

---

[2] The RFC assessment is a determination of the most work that an
individual can perform despite her limitations or restrictions.
See Social Security Ruling ("SSR") 96-8p, 1996 WL 3744184, at
*1.  The RFC is an issue for the Commissioner to resolve in
determining whether a Social Security applicant is considered
disabled.  See 20 C.F.R. § 404.1527(d).  The ALJ in this matter
determined that the plaintiff possessed:

> [T]he residual functional capacity to perform light
> work as defined in 20 CFR 404.1567(b) and 416.967(b)
> except she cannot kneel, crawl, or climb ladders,
> ropes, or scaffolds; but she can occasionally climb
> ramps and stairs, balance, stoop, and crouch.  She
> should not work with her arms overhead.  She must
> avoid temperature extremes, excessive vibration, and
> all hazards, including unprotected heights and
> dangerous machinery.

Tr. at 70.

to mention or consider the electromyogram and nerve conduction study ("EMG/NCS") performed on September 28, 2015, which revealed radiculopathy in the plaintiff's upper and lower extremities.  Id. at 4.  Second, the plaintiff argued that the ALJ failed to give controlling weight to the opinion of the treating physician, Kimberly Becher, M.D., that the plaintiff's medical problems would prevent her from working if not treated.  See id. at 4-5.  The plaintiff also asserted that the ALJ failed to consider medical evidence that was consistent with or supportive of Dr. Becher's opinion, most notably the EMG/NCS.  Id. at 5.

The Magistrate Judge reviewed the record and each of the plaintiff's arguments.  For the first argument, the Magistrate Judge concluded that the ALJ's decision, including the assessment of the plaintiff's RFC to perform light work with some limitations, was supported by substantial evidence from the plaintiff's own statements, treatment records, diagnostic testing, and medical opinion evidence.  See PF&R at 25-28.  The Magistrate Judge found that the ALJ specifically analyzed and cited evidence regarding the plaintiff's RFC both before and after the EMG/NCS.  See id. at 27.  However, the Magistrate Judge found no indication that the ALJ disregarded the EMG/NCS or that the EMG/NCS conflicted with the ALJ's determination of

the plaintiff's RFC.  See id.  The Magistrate Judge also found

that the record did not indicate that the plaintiff's symptoms

or RFC worsened after the EMG/NCS.  See id. at 26.  For example,

the plaintiff had normal neurological and musculoskeletal

examinations in July 2016, nearly ten months after the EMG/NCS

in September 2015.  See id. at 27-28 (citing Tr. at 739).  The

Magistrate Judge therefore concluded that the EMG/NCS was not

critical or conflicting evidence, and that the ALJ's decision

was supported by substantial evidence.  See id. at 28.

     For the second argument, the Magistrate Judge

concluded that the ALJ properly weighed Dr. Becher's medical

opinion and provided a well-reasoned rationale for affording the

opinion little weight.  Id. at 32.  The ALJ found Dr. Becher's

opinion to be "quite conclusory, providing very little

explanation of the evidence relied on in forming that opinion."

Tr. at 73.  The ALJ gave the opinion little weight, in part,

because it was inconsistent with other evidence in the record.

See id.  For example, the Magistrate Judge noted that Dr.

Becher's opinion from November 2014 emphasized the plaintiff's

thyroid issues, for which the plaintiff underwent a total

thyroidectomy in March 2015 and recovered well.  See PF&R at 32

(citing Tr. at 73, 440, 479).  The Magistrate Judge also noted

that Dr. Becher's own treatment records for the plaintiff two

years after her November 2014 opinion documented effective pain relief, a normal examination other than tenderness to palpation and pain with motion, and a continued course of conservative treatment.  See id. (citing Tr. at 779-80).  The Magistrate Judge therefore found that the ALJ's decision, with affording Dr. Becher's opinion less than controlling weight, was supported by substantial evidence.  See id.

        The plaintiff now objects to the Magistrate Judge's conclusion in the PF&R that the ALJ's decision is supported by substantial evidence.  Obj. at 1.  The plaintiff repeats her first argument that the ALJ failed to consider the EMG/NCS and other evidence not supportive of the RFC assessment.  See id. at 1-2.  The plaintiff cites authority for the proposition that an ALJ must discuss "uncontroverted evidence he chooses not to rely upon" and "significantly probative evidence he rejects" that could result in a finding of disability.  See id. (citing Barrett v. Barnhart, 355 F.3d 1065, 1068 (7th Cir. 2004); Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996)).

        An ALJ is responsible for making findings of fact and resolving conflicts in the evidence, but the court determines if the final decision is supported by substantial evidence and is based on the correct application of the law.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Craig v. Chater,

76 F.3d 585, 589 (4th Cir. 1996) ("In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]."). An ALJ must evaluate every medical opinion presented, regardless of the medical professional who presents the opinion. See <u>Brown v. Comm'r Soc. Sec. Admin.</u>, 873 F.3d 251, 255 (4th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)).[3] Generally, the opinion of the medical professional who has examined the applicant is afforded more weight. See <u>id.</u> (citing 20 C.F.R. § 404.1527(c)(1)). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." <u>Reid v. Comm'r of Soc. Sec.</u>, 769 F.3d 861, 865 (4th Cir. 2014) (quoting <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)); <u>see also</u> <u>Vest v. Colvin</u>, No. 2:15-CV-05886, 2016 WL 5334668, at *8 (S.D.W. Va. Sept. 22, 2016) ("[A]n ALJ is not required to discuss every piece of evidence, but only evidence which, 'if believed, could lead to a finding of disability.'"); <u>Hart v. Colvin</u>, No. 3:14- CV-00169-FDW, 2015 WL 470448, at *6 (W.D.N.C.

---

[3] Regulation 20 C.F.R. § 404.1527(c) concerns how to weigh medical opinions in claims or applications for Social Security benefits filed before March 27, 2017. <u>See</u> 20 C.F.R. § 404.1527. The plaintiff filed her claims on December 16, 2014 and on January 9, 2015, thus making the claims subject to § 404.1527. <u>See</u> 20 C.F.R. § 404.614 (defining when an application for benefits is considered filed).

Feb. 4, 2015) ("However, the ALJ does not need to comment on every piece of evidence in the record, and [the ALJ's] failure to cite a specific piece of evidence is not an indication that the evidence was not considered.").

Upon review of the record, the court adopts the findings and conclusions of the Magistrate Judge that the ALJ's decision is supported by substantial evidence. The Magistrate Judge found that no records indicate that the plaintiff's symptoms or functional abilities worsened since the EMG/NCS was performed in September 2015. See PF&R at 26. In December 2016, the plaintiff reported that prescribed medications provided effective pain relief and that her symptoms had not worsened. See Tr. at 779. The plaintiff's physical examination revealed a normal gait, full range of motion in her lumbar and cervical spine, and full motor strength in her neck and extremities. See id. at 780. After a "consideration of the entire record" of medical evidence through February 2017, the ALJ found that the plaintiff made "relatively infrequent trips" to her primary care physician for her allegedly disabling symptoms, with visits at times being six to twelve months apart. See id. at 70-72. The ALJ also found that the plaintiff's medications had been relatively effective in controlling the plaintiff's symptoms, even though the plaintiff had failed to follow-up on other

treatment recommendations including physical therapy, psychotropic medication, and pain management.  See id. at 71-72. In March 2018, the plaintiff still had a normal gait, was able to stand without difficulty, and did not have tingling or numbness.  See id. at 13-14.

The ALJ need not have discussed every piece of evidence in her ruling.  Although the ALJ did not explicitly mention the EMG/NCS from September 28, 2015, the ALJ cited and analyzed evidence regarding the plaintiff's RFC before and after this date.  The evidence after September 2015 is particularly enlightening as it shows how the plaintiff's functional abilities progressed.  In particular, the plaintiff's abilities did not worsen, her symptoms appeared to be managed with medication, and she was able to stand without difficulty.  There is no indication that the EMG/NCS was disregarded or that it conflicts with the plaintiff's reported progress or the ALJ's determination of the plaintiff's RFC.  A reasonable mind could accept the evidence on the record as adequate to support the ALJ's conclusion that the plaintiff could perform light work with limitations.  The court therefore finds that the ALJ's assessment of the plaintiff's RFC and the ultimate decision that the plaintiff was not disabled are supported by substantial evidence

To the extent that the plaintiff objects to the ALJ giving Dr. Becher's opinion from November 2014 little weight, the court also agrees with the Magistrate Judge. The ALJ found that Dr. Becher's records of the plaintiff from November 2014 emphasized a thyroid issue that was resolved. See Tr. at 73. Dr. Becher's records from two years later documented effective pain relief, a normal examination other than tenderness to palpation and pain with motion, and a continued course of conservative treatment. See id. at 779-80. Much like the previous evidence, Dr. Becher's opinions show how the plaintiff's functional abilities progressed. Based on the conclusory nature of the November 2014 opinion and the later opinion showing the plaintiff's progress, the court finds that the ALJ's analysis of Dr. Becher's opinion in the context of the complete medical record is supported by substantial evidence.

## IV. Conclusion

Accordingly, having received the PF&R and the plaintiff's objection, and having reviewed the record de novo, it is ORDERED that:

1. The plaintiff's objection to the PF&R be, and it hereby is, overruled;

2. The findings made in the PF&R be, and they hereby are, adopted by the court and incorporated herein;

3. The plaintiff's request for judgment on the pleadings be, and it hereby is, denied;

4. The Commissioner's request for judgment on the pleadings be, and it hereby is, granted;

5. The decision of the Commissioner be, and it hereby is, affirmed; and

6. The plaintiff's action be, and it hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward all copies of this memorandum opinion and order to all counsel of record and the United States Magistrate Judge.

ENTER: March 20, 2020

John T. Copenhaver, Jr.
Senior United States District Judge